WEBSTER and others *v.* BUFFALO INS. CO.

(*Circuit Court, E. D. Missouri.* January 4, 1881.)

1. ULTRA VIRES—CONTRACT OF INSURANCE.

An insurance company is not estopped from setting up the fact that a contract of insurance made through its agent is *ultra vires,* though its agent had led the other contracting party to believe, and he did believe, that the company had power to make it, and though no pretence was set up by the company, or its agent, that the contract was *ultra vires* until a loss thereunder was known by all parties to have occurred.

This was a suit upon a contract of insurance against marine risks. The petition alleged that a cargo consigned to plaintiffs, and covered by defendant's policy of insurance, had been lost at sea, and asked judgment for the amount of the loss. The answer of the defendant set up in substance that the contract of insurance was *ultra vires,* for the reason that the defendant had no power, under its charter, to insure against perils of the sea. The plaintiffs demurred to the answer on the ground—

*First,* that it contained no defence to the plaintiff's cause of action; *second,* because the defendant was estopped from pleading its want of power to make the contract sued upon, and because the government which created it (New York) alone has power to deal with it for a violation of its charter, privileges, etc.

The demurrer was overruled, and plaintiffs replied and alleged—

That they were led to believe by defendant's agent who issued the policy, and did believe, that the defendant had power, under its charter, to insure against perils of the sea ; that defendant's agent insured them against those perils, etc.; and that no objection was made to the contract aforesaid by defendant, or its agent, and no pretence was made that said contract was *ultra vires* until the loss had occurred, and it was too late to insure in another company ; and that for those reasons defendant should be held estopped from pleading that said contract was *ultra vires.*

The facts stated in reply are admitted to be true.

*Lee & Chandler,* for plaintiffs.

*O. B. Sansum,* for defendant.

TREAT, D. J. This case was heretofore presented to the court—Justice Miller, present. The demurrer to the replication raised the question whether the facts alleged would operate as an estoppel, although the contract, as averred in the answer, was *ultra vires.* It was suggested by Justice Miller that it would have been better if defendant had so shaped his answer as to bring before the court the charter of the company, together with the terms of the contract, so that the court could determine whether the contract was *ultra vires* or not. But as that course had not been pursued, it was then for the court to decide whether, admitting the contract to be *ultra vires,* the defendant was estopped by the facts stated in the replication.

On the demurrer to that replication Justice Miller and myself differed in opinion, and consequently judgment followed according to his views. Now, the cause having come on for trial without the intervention of a jury, and all the facts in the replication being admitted of record, the main question is whether, according to the charter under the laws of New York, the defendant corporation had authority, through its agents or otherwise, to make a contract of insurance of the kind stated; that is, on a sea-going or foreign voyage, as contradistinguished from an inland voyage. According to the terms of the charter the contract was *ultra vires;* and, although all the facts set out in the replication are true, as admitted of record, yet, according to the opinion of Justice Miller, the plaintiff cannot recover in this case, and his opinion must control despite my dissent.

Therefore, judgment must be entered for the defendant.